

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2008

# Panton v. Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4752

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Panton v. Bur Prisons" (2008). *2008 Decisions.* Paper 1034.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1034

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-166
NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4752
_____

ROBERT PANTON,
Appellant

v.

B.O.P.; REGIONAL DIRECTOR SCOTT DODRILL;
MR. MATLACK, Case Manager; MR. GALLICK, Counselor;
MR. VITALE, Mail Room Supervisor at USP Allenwood;
C.O. ADAMS; STEVE COLLIER, Correctional Officer at USP Allenwood;
WARDEN JOHN MILLER

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-00809)
District Judge: Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 20, 2008

Before:  McKEE, RENDELL and SMITH, Circuit Judges.

(Filed:  June 10, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Robert Panton, a federal prisoner confined at the United States Penitentiary at Allenwood proceeding pro se, appeals from an order of the United States District Court for the Middle District of Pennsylvania granting summary judgment in favor of a prison employee in his civil rights Bivens action because he failed to exhaust his administrative remedies.[1] For the following reasons, we will dismiss Panton's appeal under 28 U.S.C. § 1915(e)(2)(B).

Panton filed a complaint in the district court on April 19, 2006, seeking compensatory and punitive damages and injunctive relief against various prison officials alleging that an incident report filed against him had been falsified, and that as a result of the report he had been denied various rights and privileges to which he was entitled. Later, in an amended complaint, filed in September 2006, Panton specifically alleged that "Case Manager Matlack" had written the falsified report against him for retaliatory reasons. Given that Panton had replaced his claims against other prison officials with this amended complaint, the district court dismissed the remaining prison officials from the suit. On October 16, 2006, Matlack filed a motion to dismiss under Federal Rule of Civil Procedure 12(b) or in the alternative for summary judgment under Federal Rule of Civil

_____

[1] A "Bivens action" is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

2

Procedure 56(b) maintaining that Panton's claims were barred due to his failure to exhaust administrative remedies at the prison level. On July 10, 2007, the district court granted the motion for summary judgment noting that it was "undisputed that Panton failed to exhaust his administrative remedies with regard to the issues raised in the amended complaint" given that he had filed suit in the district court nearly four months before filing his first petition for an administrative remedy at the institutional level. Panton filed a timely motion for reconsideration which the district court denied determining that Panton was not entitled to any form of relief under either Federal Rule of Civil Procedure 59(e) or 60(b). The district court noted that Panton had submitted evidence of a fully exhausted grievance in his motion for reconsideration, but that the grievance he invoked was wholly separate from and, in fact, predated the incident he described in his amended complaint. Panton filed a timely notice of appeal of the district court's grant of summary judgment and denial of his motion to reconsider.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the district court's grant of summary judgment and we must affirm summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). An appellant may prosecute his appeal without prepayment of the fees under 28 U.S.C. § 1915(a)(1), but we must dismiss the appeal if we determine that it "lacks an arguable basis either in law or fact." See Neitzke v. Williams, 490 U.S.

3

319, 325 (1989); see also 28 U.S.C. § 1915(e)(2)(B)(i).

Upon review, we conclude that there is no arguable basis in law or fact for disagreeing with the district court's summary judgment determination in this case. As noted, the defendant sought summary judgment on the basis that Panton failed to exhaust his administrative remedies. The Prison Reform Litigation Act (PLRA) requires that a prisoner must exhaust administrative remedies under 42 U.S.C. § 1997e(a) prior to bringing suit in federal court. See also Booth v. Churner, 532 U.S. 731 (2001); Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, this provision requires proper exhaustion, which demands compliance with an agency's deadlines and other critical procedural rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2386-87 (2006).

As the district court noted, Panton failed to file a request for administrative remedies on a topic corresponding to his Bivens claims prior to filing that claim in federal court and, thus, he failed to comply with the PLRA's mandatory exhaustion requirement.[2] Thus, because Panton did not wait to file his complaint until after he had received determinations from administrative filings and completed the appeal process as to those

---

[2] The district court accurately set forth a description of Panton's later requests for administrative remedies with regard to the issues alleged in his complaint. None of these requests were exhausted fully prior to the filing of Panton's complaint.

4

determinations, he has not met the exhaustion requirements of the PLRA and we must affirm the dismissal of his Bivens claims on that basis. See 28 C.F.R. §§ 542.10-15. Moreover, a prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies *after* initiating suit in federal court. See Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) (collecting cases and holding that "the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory"). We have stated that compliance with an administrative remedy scheme will be satisfactory if substantial. See Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004). But we also have stated that, whatever the parameters of substantial compliance may be, it does not encompass the filing of a suit before administrative exhaustion has been completed. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002) (holding inmate could not cure defect in action by amending complaint dismissed for failure to exhaust administrative remedies).

Given our preceding discussion, there was no need to provide Panton an opportunity to further amend his complaint because any such amendment would have proved futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (noting that amendment "must be permitted . . . unless it would be inequitable or futile); see also Shane v. Fauver, 213 F.3d 113, 115-16 (3d Cir. 2000). For instance, even if the district court had reinstated Panton's previous claims against other defendants made in his

5

initial and prior amended complaints, those claims would have been similarly unexhausted.

Accordingly, we will dismiss this appeal under 28 U.S.C. § 1915(e)(2)(B). Appellant's motion for appointment of counsel is denied.